# NEW-YORK COMMON PLEAS.

MERRITT, respondent, agt. THOMPSON, appellant.

When a fund in litigation has been brought into court, and the defendant, on the coming in of his answer, admits therein that a part of the fund is due to the plaintiff, disputing his claim to the residue, the court may order the part so admitted to be due to the plaintiff, to be paid over to him, without prejudice to his further claims.

The circumstance that the defendant has, both before and since the action was brought, offered to pay to the plaintiff the sum so admitted to be due, (provided he would accept it in full satisfaction,) or that he has offered to allow judgment to be taken for that sum, is no reason for refusing such an order.

Where a defendant, who is insolvent, or unable to make present payment, makes an offer to suffer judgment to be taken pursuant to § 385 of the Code, or makes the like offer in his answer, the court will be careful not to substitute an order that he pay the money (under § 244) to be enforced by an attachment for contempt, and taking of his body, in the place of an ordinary judgment and execution. The legislature did not intend (by authorizing the court to grant an order requiring a defendant to pay the part of the plaintiff's claim which, by his answer, he admits to be due) to introduce imprisonment for debt, if the debtor was not able to pay. But where the money is in court, and where the defendant admits the sum due, and offers to pay it, no such reason exists, and the order should be granted.

Whether, on an appeal from such an order, the general term will review the discretion exercised at special term, in respect to the *terms* or *conditions* upon which such order should be granted, where no *right* of the appellant, and no rule of law is violated   *Quere?* It seems not.

*General Term, January,* 1855.

INGRAHAM, First Judge ; DALY and WOODRUFF, Judges.

Appeal from an order at special term, directing the payment · to the plaintiff (out of moneys in court) of the sum admitted by the defendant to be due and payable.

——— ———, *for defendant.*

——— ———, *for plaintiff.*

By the court—WOODRUFF, Judge.   The complaint herein is filed to recover from the defendant a large sum of money

alleged to have been received by the defendant, as agent for the plaintiff; and, an injunction having been granted to restrain the disposition of the specific fund in the defendant's hands, or in the hands of his banker, the *defendant* himself moved for and obtained an order, in pursuance of which the money held under injunction was brought into court, and deposited in the New-York Life and Trust Company, to abide the further order of the court.

Upon the coming in of the answer, the plaintiff applied at special term before the first judge, and obtained an order, upon motion, directing the payment to the plaintiff of the sum of $2,675.34 out of the money so brought into court. This motion was founded upon the provisions of § 244, *sub.* 5, of the Code of Procedure; and, from the order so made, the defendant appeals.

I concur with the first judge in the propriety of making the order, upon the plain and unqualified admissions in the defendant's answer. The plaintiff claims the proceeds of a sale of his ship, made in China. The defendant sets up a sale of the ship at San Francisco for a less sum,—admits that the plaintiff is entitled to the proceeds of that sale, and denies that the plaintiff has any interest in the sale in China, (which he avers was made for the account of the San Francisco purchaser.) And the defendant annexes to his answer a statement of his account with the plaintiff, crediting to him the proceeds of the sale at San Francisco, and charging him with all the remittances, and all his own claims for commissions, and matters of set-off, and by his sworn answer declares it to be a "full, *accurate*, and *true* account," &c., and that account, in very terms, states that the "balance due W. H. Merritt (the plaintiff) is $2,675.34, and again, in his answer, he denies that any greater sum than $2,675.34 is due to the plaintiff.

Now, however much the parties differ in relation to the other matters stated in the complaint and answer respectively, it is not disputed in any form that, at least, so much as $2,675.34 of the moneys now in court do belong to the plaintiff. To this

extent the defendant's answer, read with schedule annexed, is unqualified.

This appears to me to be the precise case contemplated by the provisions of the Code above referred to, viz., "When the answer of the defendant admits *part* of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim,—and may enforce the order as it enforces a provisional remedy."

But the counsel for the appellant insists that the defendant has offered and tendered to pay this sum heretofore, and that therefore the court ought not to make the order for the payment, but require the plaintiff to accept the offer, as in full for his claim, if he takes the money at all. It appears to me, that nothing could be more inequitable. It is, in effect, saying to him, "Abandon your claim; take just what the defendant admits to be due; admit all that the defendant alleges as a defence, and be content. If you will not do this, you shall not take the money which is your own; to which the defendant admits he has no title, and which is in court, awaiting the order which may be made, and which (whatever may be the result of the matters in dispute) *must* be decreed to belong to you."

Where a defendant is insolvent, and comes in, either by the offer to allow judgment to be taken against him for a sum named, under § 385 of the Code, or, by his answer, makes such an offer, the court should and would be very careful not to substitute process of attachment for contempt, in the place of a judgment and ordinary execution, since the former might involve imprisonment of the body in many cases where such imprisonment for a mere debt was probably not contemplated by the legislature: and where such order is made, and it appears, on application for an attachment, that the neglect of the defendant to pay the sum admitted to be due is the result of *inability*, and not of contumacy, that would, no doubt, be deemed a sufficient answer to a charge of contempt, and sufficient to prevent a commitment for a disobedience of the order. But where, as in the present case, the defendant not only admits this part of the plaintiff's claim to be just, but actually

Merritt agt. Thompson.

offers to pay it if the plaintiff will abandon his other claims, and especially where the money is itself under the control of the court, no such reason exists; and there seems to me to be no reason for withholding the money from the plaintiff..

In giving power to the court (when a defendant admits a sum to be due) to make a peremptory order that the defendant pay it, and enforce the order by attachment, the legislature did not intend to introduce imprisonment for debt in cases in which it is not allowed on other grounds—except where the refusal to pay was contumacious, and not the result of inability. If a defendant has the money, and only refuses because he is unwilling, it is, in all respects, proper that he should be compelled to pay, and be imprisoned until he does so.

The counsel for the appellant further insists, that the order should, at all events, have only been granted upon terms; that it appears by the affidavits, read on the motion, that one of the sureties to the undertaking, given on granting the order of arrest and the injunction herein, has become insolvent, and the plaintiff ought to have been required to give a further undertaking. It appears to me that such a requirement would not have been unreasonable; but I do not think the order should be reversed upon that ground.

Indeed, I doubt very much the propriety of reviewing, upon appeal, the discretion exercised by the judge at special term. It is true, that an order, granting or refusing a provisional remedy, may be appealed from, and hence this appeal is properly brought: and, under the same provision of the Code, an appeal may be brought from an order directing an arrest. But on an appeal in the latter case the court would not, I think, review the discretion exercised by the judge in determining whether such order shall issue upon an undertaking "with sureties," or an undertaking "without sureties," either being proper, as the judge granting the order may direct.

The same remarks are applicable to an order granting an injunction, either on an undertaking by the plaintiff with sureties or without sureties, as the court or judge may direct. The question, whether or not such injunction was proper, is un-

doubtedly the subject of review; but I very much doubt the propriety of considering those matters of discretion which relate to the terms or conditions imposed. So, in regard to the granting or refusing of costs, or requiring a party to give time or other indulgence, as a condition of granting an order, it seems to me that the action of the special term should be regarded as final, when no *right* of the party, nor any rule of law, is violated.

Again, in the present case, the court, on granting the injunction, might have dispensed with sureties altogether, or might have been satisfied with the undertaking on the part of the plaintiff, with *one* surety. The defendant has now the liability of the plaintiff himself and of one solvent surety; and this will ordinarily prove ample to protect the defendant.

Besides, the only damages which the defendant is liable to sustain by the litigation against which he could ask indemnity, is a possible loss of interest on the fund in court at the rate of two per cent. per annum, and his costs of suit. There is no pretence that the plaintiff is not solvent, and fully able to meet any liability to indemnify the defendant in these particulars, if the latter should recover judgment. There is, moreover, at least one solvent surety to the plaintiff's undertakings. I am not, therefore, disposed to interfere with the discretion exercised at special term, in not imposing upon the plaintiff the duty of giving further security as a condition of granting the order; and, on the merits, I think the order was eminently just and proper. It should therefore be affirmed.